H. S. Allis Co., Inc.
vs.
Luke A. Callan, d.b.a.
Callan Construction Company

No. 91526.

May 8, 1934.

FROST, J. Heard on defendant's *motion for new trial after verdict for* plaintiff in the sum of $934.50.

Plaintiff sues to recover the price of a Fordson tractor with grader attachment, which the plaintiff says it

sold to defendant in April of 1930.

There was no written order or sales slip in connection with this alleged sale. John H. Gorman, manager of plaintiff's Providence branch, testified that he told Mr. Callan over the telephone the price of a second-hand grader and that later the grader was delivered to him. Plaintiff's Exhibit 11, which purports to be a leaf from a loose-leaf ledger, shows a debit on April 17, 1930, of $900 for a Fordson tractor, &c.

The tractor was delivered at defendant's yard in Bristol and a signature was obtained on a delivery slip which a jury might find contains the name "Callan". The evidence showed that there were several Callans employed in one capacity or another by the Callan Construction Company.

Mr. Gorman also testified that in September, 1930, in connection with another matter of business, Luke A. Callan said that he would pay for the tractor or grader when he got his money from the Town of Bristol.

Henry S. Allis, the President of the plaintiff company, testified that when Mr. Gorman was talking over the telephone, he was listening and that Mr. Callan said to send the grader down.

The defendant denied that he ever purchased the grader or that he ever promised to pay for it. He did say that he told Mr. Gorman that the Town of Bristol might buy or rent the machine. He, himself, was the president of the town council of Bristol at that time.

On November 6, 1931, plaintiff sent a letter by registered mail to the defendant, demanding payment. The following day the defendant answered this letter by another letter denying that he had ever purchased the grader.

It is perhaps significant that the defendant, subsequent to the date when the plaintiff said the grader was sold to him, purchased other equipment of the plaintiff for which he paid substantial amounts to the plaintiff but did not pay for the grader. The records of equipment kept by the defendant do not reveal the purchase of the grader in question.

The tractor-grader was unquestionably delivered by the plaintiff to the yard of the defendant and it would seem that someone signed a delivery slip, but the defendant testified that no one but himself had authority to sign for new equipment.

The defendant does not deny that the grader was and is on his property but says that it was used exclusively on the streets of Bristol under the direction of officials of the town and that the town has not been billed by him nor has the town paid him. While so used it was run at times by an employee of the Town of Bristol and at other times by an employee of the defendant. Oil and gas came from the yard of the defendant but in the office were charged to the plaintiff.

In this case it is clear that delivery does not necessarily signify ownership on the part of the Callan Construction Company.

As to the testimony of Henry S. Allis, it is not at all clear that the conversation which he said that he listened to over the telephone was not a conversation relative to the first grader which his company sent to Bristol and which was returned.

The Court thinks that it is quite possible that the jury gave more weight than it should have given to the fact that the grader was placed and remained more or less upon the property of the defendant. This might be conclusive evidence of ownership in Providence while of comparatively little weight in a town of the size of Bristol, which owns little or no equipment and quite possibly has no "yard" of its own.

The Court is reluctant to disturb this verdict but a careful consideration of all the evidence convinces it that there is no preponderance of tes-

timony in favor of the plaintiff and it cannot say that the verdict does substantial justice between the parties. It thinks the case should be submitted to another jury.

Defendant's motion is granted.

For plaintiff: Curry, McCormick & Walsh.

For defendant: Littlefield, Otis & Knowles.